**WO**                                                                            SC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Miguel Mansanares,               )     No. CV 11-1521-PHX-JAT (LOA)
                                 )
                 Plaintiff,      )     **ORDER**
                                 )
vs.                              )
                                 )
State of Arizona, et al.,        )
                                 )
                 Defendants.     )
_____ )

Plaintiff Miguel Mansanares, who is confined in Maricopa County's Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

JDDL-K

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would

1   undermine district judges' role as impartial decisionmakers." <u>Pliler v. Ford</u>, 542 U.S. 225,

2   231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was

3   required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint

4   for failure to state a claim and to comply with the Rule 8 and the Instructions for completing

5   the court-approved form complaint.  But because the Complaint may possibly be saved by

6   amendment, the Complaint will be dismissed with leave to amend.

7   **III.    Complaint**

8       Plaintiff alleges ten counts for relief for violations of his due process and equal

9   protection rights, denial of access to the courts, threats to safety, denial of counsel, violation

10  of double jeopardy, violation of the Prison Rape Elimination Act (PREA), Fifth Amendment

11  right not to incriminate himself, involuntary servitude, and denial of compulsory process.

12  Plaintiff sues the State of Arizona, the Superior Court, County Attorneys, and Jane and John

13  Does.  Plaintiff seeks injunctive relief.

14          **Background**

15      Plaintiff is currently detained pending criminal proceedings in Maricopa County

16  Superior Court in the following cases: CR2011-005824, CR2011-005833, and CR2011-

17  005839.  On May 19, 2011, the Maricopa County Superior Court ordered a full Rule 11

18  competency evaluation.[1]  On August 11, 2011, the court continued a Rule 11 competency

19  hearing until September 15, 2011 and sanctioned Plaintiff 30 days in jail for contempt based

20  on his refusal to cooperate in competency evaluations.[2]

21  **IV.    Failure to Comply with Instructions**

22      Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that an incarcerated person

23  must file a complaint on the court-approved form.  The form must be completely filled into

24  the extent applicable with all questions answered clearly and concisely in the appropriate

25  _____

26      [1] <u>See</u> http://www.courtminutes.maricopa.gov/docs/Criminal/052011/m4732627.pdf

27  (last visited Aug. 29, 2011).

28      [2] <u>See</u> http://www.courtminutes.maricopa.gov/docs/Criminal/082011/m4852942.pdf
    (last visited Aug. 29, 2011).

space on the form.  The Instructions for completing the court-approved form complaint provide as follows:

> **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.** The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable. *All questions must be answered clearly and concisely in the appropriate space on the form.*  If needed, you may attach additional pages, **but no more than fifteen additional pages,** of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages.  If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

(Instructions at ¶ 1) (italics added).  Further, the Instructions provide:

> 1. Counts. You must identify which civil right was violated.  **You may allege the violation of** *only one civil right per count*.
> 2. Issue Involved.  Check the box that most closely identifies the issue involved in your claim. ***You may check only one box per count***.  If you check the box marked "Other," you must identify the specific issue involved.
> 3. Supporting Facts.  After you have identified which civil right was violated, *you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.*  You also should state the date(s) on which the act(s) occurred, if possible.
> 4. Injury.  State precisely how you were injured by the alleged violation of your rights.

(Id., part C) (italics added).

Plaintiff used the court-approved form for his Complaint, but he failed to comply with the Instructions for completing the form complaint.  Plaintiff asserted multiple constitutional violations in each count.  Plaintiff also failed to provide the information requested in the appropriate place on the court-approved form complaint.  Further, he failed to *concisely* set forth *facts* to support how any particular Defendant violated his federal constitutional or statutory rights, including when, where, and how.  These failures render the Complaint rambling, vague, conclusory, and confusing.

As a consequence of Plaintiff's failure to comply with the Instructions for completing the court-approved form, his Complaint will be dismissed with leave to amend.  In a first amended complaint, Plaintiff should carefully follow the Instructions by setting forth only one constitutional violation in each count, concisely describe the facts that support how,

1    when, and where a particular defendant violated the federal constitutional or statutory right

2    at issue in that count.  Plaintiff should repeat this process for each count.  Plaintiff should *not*

3    exceed the page limit in his amended complaint.

4    **V.      Failure to State a Claim**

5          To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

6    conduct about which he complains was committed by a person acting under the color of state

7    law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

8    Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he

9    suffered a specific injury as a result of the conduct of a particular defendant and he must

10   allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

11   Goode, 423 U.S. 362, 371-72, 377 (1976).

12         Further, to state a claim against a particular individual defendant, a "plaintiff must

13   allege facts, not simply conclusions, that show that [the] individual was personally involved

14   in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.

15   1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the

16   official acted as a result of a policy, practice, or custom.  See Cortez v. County of Los

17   Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  In addition, there is no *respondeat superior*

18   liability under § 1983, so a defendant's position as the supervisor of someone who allegedly

19   violated a plaintiff's constitutional rights does not make him liable.  Monell v. Dep't of Soc.

20   Servs., 436 U.S. 658, 691 (1978); Taylor, 880 F.2d at 1045.  A supervisor in his individual

21   capacity, "is only liable for constitutional violations of his subordinates if the supervisor

22   participated in or directed the violations, or knew of the violations and failed to act to prevent

23   them."  Taylor, 880 F.2d at 1045.

24         As discussed below, Plaintiff has only sued entities or persons that cannot be sued

25   under § 1983 or that are entitled to immunity.  For that reason, Plaintiff fails to state a viable

26   claim under § 1983 against any of the named Defendants.

27         **A.      State of Arizona**

28         Plaintiff names the State of Arizona as a Defendant.  Under the Eleventh Amendment

1   to the Constitution of the United States, neither a state nor a state agency may be sued in

2   federal court without its consent.  Pennhurst St. Sch. & Hosp., 465 U.S. 89, 100 (1984);

3   Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Arizona has not manifested the intention

4   to waive its sovereign immunity under the Eleventh Amendment from suit in federal court.

5   Accordingly, the State of Arizona will be dismissed from this action.

6          **B.     [Maricopa County] Superior Court**

7          Plaintiff purports to sue the Maricopa County Superior Court.  "A state court is not

8   a 'person' for purposes of  42 U.S.C. § 1983 and hence is not subject to lawsuit under that

9   statute."  Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir. 1997); see also, Mumford v.

10  Zieba, 4 F.3d 429, 435 (6th Cir. 1997) (citing Foster v. Walsh, 864 F.2d 416, 418 (6th Cir.

11  1988)); Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993); Rothstein v. Montana Supreme

12  Court, 638 F.Supp. 1311, 1312 (D. Mont. 1986); Louis v. Supreme Court of Nevada, 490

13  F.Supp. 1174, 1180 (D.Nev. 1980) (as a state is not a "person" within the meaning of § 1983,

14  neither is the state's supreme court a "person" under the statute).  Accordingly, the Superior

15  Court will be dismissed as a Defendant.

16         Although not named as Defendants, Plaintiff includes allegations against Maricopa

17  County Superior Court judges and commissioners in his Complaint.  Judges are absolutely

18  immune from damages for all judicial acts performed within their subject matter jurisdiction,

19  "even when such acts are in excess of their jurisdiction, and are alleged to have been done

20  maliciously or corruptly."  Stump v. Sparkman, 435 U.S. 349, 356 (1978); Sadoski v.

21  Mosley, 435 F.3d 1076, 1079 (9th Cir. 2006); Harvey v. Waldron, 210 F.3d 1008, 1012 (9th

22  Cir. 2000).  An act is "judicial" when it is a function normally performed by a judge and the

23  parties dealt with the judge in the judge's judicial capacity.  Stump, 435 U.S. at 362; Crooks

24  v. Maynard, 913 F.2d 699, 700 (9th Cir. 1990).  Such immunity also "extends to actions for

25  declaratory, injunctive and other equitable relief."  Mullis v. Bankruptcy Court for the Dist.

26  of Nev., 828 F.2d 1385, 1394 (9th Cir. 1987).  Cf. Pulliam v. Allen, 466 U.S. 522, 541-42

27  (1984) (state officials have judicial or quasi-judicial immunity from damages only).

28         In his Complaint, Plaintiff seeks relief against court commissioners and judges solely

1   based upon rulings in his criminal cases.  As discussed above, the commissioners and judges
2   are entitled to absolute immunity for their actions in connection with his criminal
3   proceedings.  Accordingly, to the extent that Plaintiff seeks relief against Maricopa County
4   judicial officers in his Complaint, he fails to state a claim.

5        **C.    [Maricopa County] Attorneys**

6        Plaintiff sues Maricopa County Attorneys and, although not named as Defendants,
7   includes allegations against particular prosecutors involved in his criminal proceedings.  A
8   prosecutor is absolutely immune from liability under § 1983 for his conduct in "initiating a
9   prosecution and in presenting the State's case" insofar as that conduct is "intimately
10  associated with the judicial phase of the criminal process."  Buckley v. Fitzsimmons, 509
11  U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed,
12  500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430-431); Ashelman v. Pope, 793
13  F.2d 1072, 1076 (9th Cir. 1986).  Immunity also extends to a prosecutor "eliciting false or
14  defamatory testimony from witnesses" or for making false or defamatory statements during,
15  and related to judicial proceedings.  Buckley, 509 U.S. 259, 270 (1993) (citations omitted).
16  Because Plaintiff only seeks relief against Maricopa County prosecutors for actions in
17  prosecuting the criminal cases against him, these attorneys are entitled prosecutorial
18  immunity and will be dismissed.

19       **D.    Defense Counsel**

20       Although not named as Defendants, Plaintiff also includes numerous allegations
21  against the criminal defense counsel who have represented him in his criminal proceedings.
22  A prerequisite for any relief under 42 U.S.C. § 1983 are allegations to support that a
23  defendant has acted under the color of state law.  Whether an attorney representing a criminal
24  defendant is privately retained, a public defender, or court-appointed counsel, he does not act
25  under color of state law.  See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981); Miranda
26  v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*).  Accordingly, to the
27  extent that Plaintiff asserts allegations against his defense counsel, he fails to state a claim
28  under § 1983 and these allegations will be dismissed.

### E.    Jane and John Does

Plaintiff sues an unspecified number of Doe Defendants without alleging how any Doe Defendant violated his constitutional rights.  Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties to an action.  As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint on an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  Further, where the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, and allege facts to support how each particular Doe defendant violated the plaintiff's constitutional rights.  The plaintiff may thereafter use the discovery processes to obtain the names of fictitiously-named defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants.

## VI.    Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

1    A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963
2    F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,
3    1546 (9th Cir. 1990).   After amendment, the Court will treat an original complaint as
4    nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original
5    complaint is waived if it is not raised in a first amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d
6    565, 567 (9th Cir. 1987).

7    **VII.    Warnings**

8    **A.    Release**

9    Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
10   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
11   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
12   in dismissal of this action.

13   **B.    Address Changes**

14   Plaintiff must file and serve a notice of a change of address in accordance with Rule
15   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
16   relief with a notice of change of address.  Failure to comply may result in dismissal of this
17   action.

18   **C.    Copies**

19   Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>
20   LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice
21   to Plaintiff.

22   **D.    Possible "Strike"**

23   Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails
24   to file an amended complaint correcting the deficiencies identified in this Order, the
25   dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).
26   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil
27   judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior
28   occasions, while incarcerated or detained in any facility, brought an action or appeal in a

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

(2)      As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)      The Complaint is **dismissed** for failure to state a claim.  (Doc. 1.)  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)      If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 31st day of August, 2011.

James A. Teilborg
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<table>
<tr><td>Phoenix & Prescott Divisions:</td><td>**OR**</td><td>Tucson Division:</td></tr>
</table>

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

      I hereby certify that a copy of the foregoing document was mailed
      this _____ (month, day, year) to:
      Name:  _____
      Address:_____
                Attorney for Defendant(s)
      _____
      (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,    )
(Full Name of Plaintiff)            )
      Plaintiff,    )
                                    )
    vs.                       )    **CASE NO.** _____
                                    )    (To be supplied by the Clerk)
(1)_____ ,  )
(Full Name of Defendant)            )
(2)_____ ,  )
                                    )    **CIVIL RIGHTS COMPLAINT**
(3)_____ ,  )    **BY A PRISONER**
                                    )
(4)_____ ,  )    ☐ Original Complaint
     Defendant(s).             )    ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.    )    ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

Revised 3/9/07            1                **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)  (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                  (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                  (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                  (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                ☐ Yes      ☐ No
   b.    Did you submit a request for administrative relief on Count I?           ☐ Yes      ☐ No
   c.    Did you appeal your request for relief on Count I to the highest level?   ☐ Yes      ☐ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?   ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes   ☐ No
     b.   Did you submit a request for administrative relief on Count III?          ☐ Yes   ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____         _____
                                      DATE                                                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.