## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Mansanares, | ) No. CV 11-1521-PHX-JAT (LOA) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| State of Arizona, et al., | ) |
| Defendants. | ) |

Plaintiff Miguel Mansanares, who is confined in Maricopa County's Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc. 1, 5.) Plaintiff has filed a First Amended Complaint. (Doc. 7.) Plaintiff has also filed a "Notice of Additional Address" in which he requests that copies of filings in this case be sent to others. (Doc. 8.) To the extent that Plaintiff seeks any relief in his Notice, such relief will be denied. The Court will dismiss the First Amended Complaint with leave to amend.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. <u>Id.</u> at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" <u>Id.</u> (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but because the First Amended Complaint may possibly be saved by amendment, it will be dismissed with leave to amend.

## II.    First Amended Complaint

Plaintiff alleges ten counts for violations of his due process and equal protection rights, denial of access to the courts, violation of the Americans with Disabilities Act (ADA), and threats to safety.  Plaintiff sues 35 Defendants: Maricopa County; Maricopa County Commissioners Stephen Holding, Ann Hamner, Brian Rees[1], and Jane or John Doe 2; Maricopa County Attorney William Montgomery; Deputy Maricopa County Attorneys Julie Warzynski, John or Jane Doe 1, and Jane Doe 6 ; Maricopa County Sheriff Joseph Arpaio; Maricopa County Sheriff's Office (MCSO) Transport Officers Rodriguez, Adam Stoddard, Sergeants Funk and Doe, and Lieutenants Johnson and Salazar; MCSO employees Jane or John Doe 3, 7, and 9 and Officers A8924, B0661, A8090, B0846, Gary Byrnes, and Bower; MCSO Bureau Hearing Officers Jane or John Doe 8 and Sergeant A4191; MCSO External Referees James Garitson, Rick Wilson, and Scott; City of Phoenix Police Officers Ramirez, John Doe 8721, and John Doe (defendant 5); and Plaintiff's criminal defense attorneys, Marvin Davis and Justin Beresky.  Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

### Background

On January 15, 2009, Plaintiff was found guilty by a jury of resisting arrest and aggravated assault in Maricopa County Superior Court case# CR2008-119398.  Sentencing in that case was initially continued due to Plaintiff's other pending cases.[2]

On July 13, 2009, the Maricopa County Superior Court ordered a full Rule 11 competency evaluation of Plaintiff in cases CR2008-007665 and CR2008-007673.[3]  That evaluation was extended to yet another case pending against Plaintiff, CR2009-007748.  On

---

[1]  Spelled as "Reese" by Plaintiff.  Commissioner Rees ordered a full Rule 11 competency evaluation of Plaintiff on May 19, 2011.  See http://www.courtminutes. maricopa.gov/docs/Criminal/052011/m4732627.pdf (last visited Nov. 16, 2011).

[2]  See e.g., http://www.courtminutes.maricopa.gov/docs/Criminal/082009/ m3859425.pdf (last visited Nov. 16, 2011).

[3]  See http://www.courtminutes.maricopa.gov/docs/Criminal/072009/m3797122.pdf (last visited Nov. 16, 2011).

April 27, 2010, the court found Plaintiff incompetent in those cases, ordered him involuntarily treated, and committed him to the Maricopa County Correctional Health Services Restoration Program to attempt to restore him to competency.[4] On August 8, 2010, the court found that Plaintiff remained incompetent and the lack of a substantial probability that he would be restored to competency within 21 months from when he was first found incompetent, and that he posed a danger to himself and the public.[5]  The court ordered Plaintiff taken to Desert Vista Behavioral Health Center for in-patient evaluation, and dismissed *without prejudice* the charges in CR2008-007665, CR2008-007673, and CR2009-007748.[6]

On August 10, 2010, Plaintiff was found incompetent and not restorable in CR2008-119398.[7]  On October 19, 2010, the court ordered briefing as to whether sentencing in CR2008-119398 should go forward.[8]  On January 3, 2011, after finding that Plaintiff had been competent during trial and was again competent for purposes of sentencing, the court sentenced Plaintiff to concurrent sentences of 1.75 years for resisting arrest and aggravated assault, with one prior felony conviction, in CR2008-119398.[9]

---

[4] See http://www.courtminutes.maricopa.gov/docs/Criminal/042010/m4201815.pdf (last visited Nov. 16, 2011).

[5] See http://www.courtminutes.maricopa.gov/docs/Criminal/082010/m4341366.pdf (last visited Nov. 16, 2011).

[6] Id., n.5.

[7] See http://www.courtminutes.maricopa.gov/docs/Criminal/082010/m4363067.pdf; http://www.courtminutes.maricopa.gov/docs/Criminal/082010/m4363068.pdf (last visited Nov. 16, 2011).

[8] See http://www.courtminutes.maricopa.gov/docs/Criminal/102010/m4441962.pdf (last visited Nov. 16, 2011).

[9] See http://www.courtminutes.maricopa.gov/docs/Criminal/122010/m4492913.pdf and http://www.courtminutes.maricopa.gov/docs/Criminal/012011/m4534120.pdf (last visited Nov. 16, 2011).  On January 25, 2011, Plaintiff appealed to the Arizona Court of Appeals, case# 1 CA-CR11-0047; the appeal remains pending. See http://apps.supremecourt.az.gov/aacc/1ca/1capartyindex.htm (last visited Nov. 19, 2011).

On March 22, 2011, the grand jury indicted Plaintiff in three new cases: CR2011-005839 charging two counts of aggravated assault and one count of criminal damage and CR2011-005824 and CR2011-005833 each charging one dangerous drug violation and one drug paraphernalia charge.[10] The charges at issue in the 2011 cases appear to be charges that had been previously dismissed without prejudice. See n.5.

On May 19, 2011, the Maricopa County Superior Court ordered a full Rule 11 competency evaluation in the 2011 cases.[11] The court also affirmed bond in the amount of $1,800 in CR2011-005824.[12] On August 11, 2011, the court continued a Rule 11 competency hearing until September 15, 2011 and sanctioned Plaintiff 30 days in jail for contempt based on his refusal to cooperate in the competency evaluations.[13] On October 20, 2011, the court ordered a third competency evaluation in the 2011 cases because the first two experts had split in their opinions.[14] Plaintiff remains confined in the Fourth Avenue Jail in connection with the 2011 cases.[15]

## III.    Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state

---

[10] See http://www.courtminutes.maricopa.gov/docs/Criminal/102011/m4957303.pdf (last visited Nov. 16, 2011).

[11] See http://www.courtminutes.maricopa.gov/docs/Criminal/052011/m4732627.pdf, http://www.courtminutes.maricopa.gov/docs/Criminal/052011/m4732625.pdf, and http://www.courtminutes.maricopa.gov/docs/Criminal/052011/m4732626.pdf (last visited Nov. 16, 2011).

[12] See http://www.courtminutes.maricopa.gov/docs/Criminal/052011/m4732625.pdf.

[13] See http://www.courtminutes.maricopa.gov/docs/Criminal/082011/m4852942.pdf (last visited Nov. 16, 2011).

[14] See http://www.courtminutes.maricopa.gov/docs/Criminal/102011/m4957303.pdf (last visited Nov. 16, 2011).

[15] On September 30, 2011, Plaintiff filed an appeal in the Arizona Court of Appeals, which was dismissed as premature on October 5, 2011, case# 1 CA-CR11-0671. See http://apps.supremecourt.az.gov/aacc/1ca/1capartyindex.htm (Last visited Nov. 19, 2011).

law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.    Maricopa County Commissioners

Plaintiff sues Maricopa County Commissioners Holding, Hamner, Rees, and Doe 2. As the Court previously informed Plaintiff, judges are absolutely immune from damages for all judicial acts performed within their subject matter jurisdiction, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978); Sadoski v. Mosley, 435 F.3d 1076, 1079 (9th Cir. 2006); Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).  An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in the judge's judicial capacity.  Stump, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir. 1990).  Such immunity also "extends to actions for declaratory, injunctive and other equitable relief."  Mullis v. Bankruptcy Court for the Dist. of Nev., 828 F.2d 1385, 1394 (9th Cir. 1987).  Cf. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984) (state officials have judicial or quasi-judicial immunity from damages only).

In his First Amended Complaint, Plaintiff seeks relief against the Defendant commissioners solely based upon rulings in his criminal proceedings.  As discussed above, the commissioners are entitled to absolute immunity for their actions in connection with judicial proceedings.  Because these Defendants have absolute judicial immunity for their actions in their judicial capacities, and that is the only basis for which Plaintiff asserts liability, these Defendants will be dismissed as will Plaintiff's claims against them.

### B.    Maricopa County Attorney Montgomery and Sheriff Arpaio

Plaintiff sues both Maricopa County Attorney Montgomery and Maricopa County Sheriff Arpaio.  Plaintiff alleges that both knew of claimed misconduct alleged in various counts, but failed that they failed to act to alleviate the claimed misconduct.

To state a claim against a particular individual defendant, a "plaintiff must allege facts, not simply conclusions, that show that [the] individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). In addition, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor, 880 F.2d at 1045. A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff's allegations against Montgomery and Arpaio are vague and conclusory. As discussed below, Plaintiff fails to allege facts to support that any Defendant violated his federal constitutional rights, much less that Montgomery or Arpaio knew of or participated in any alleged constitutional violation. Plaintiff otherwise fails to allege facts to support that Montgomery or Arpaio promulgated or endorsed a practice of policy that resulted in a violation of Plaintiff's federal rights. Accordingly, Montgomery and Arpaio will be dismissed as will the allegations against them.

## C.    Deputy County Attorneys

Plaintiff also sues Deputy County Attorneys Warzynski, Doe 1, and Doe 6. As the Court previously informed Plaintiff, prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430-431); Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986). Immunity also extends to a prosecutor "eliciting false or defamatory testimony from witnesses" or for

making false or defamatory statements during, and related to judicial proceedings. <u>Buckley</u>, 509 U.S. 259, 270 (1993) (citations omitted). Because Plaintiff only seeks relief against the deputy prosecutors for acts taken in connection with criminal proceedings against him, these Defendants are entitled prosecutorial immunity. Accordingly, these Defendants, and Plaintiff's allegations against them, will be dismissed.

### D.   Defense Counsel

Plaintiff also sues his former or current criminal defense attorneys, Justin Beresky and Marvin Davis. As the Court previously informed Plaintiff, a prerequisite for any relief under 42 U.S.C. § 1983 are allegations to support that a defendant acted under the color of state law. Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he does not act under color of state law. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 317-18 (1981); <u>Miranda v. Clark County, Nevada</u>, 319 F.3d 465, 468 (9th Cir. 2003) (<em>en banc</em>). Accordingly, Defendants Beresky and Davis will be dismissed as will Plaintiff's claims to the extent asserted against these Defendants.

### E.   Maricopa County

Plaintiff sues Maricopa County. A municipality is a "person" for purposes of § 1983, i.e., a municipality such as a city or county, and may be sued. <u>See</u> <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 166 (1993); <u>Monell</u>, 436 U.S. at 694. To state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality. <u>Cortez</u>, 294 F.3d at 1188 (citing <u>Monell</u>, 436 U.S. at 690-91); <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1443 (9th Cir. 1989)). Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006). Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. <u>Sadoski v. Mosley</u>, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal

1  defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

2  Plaintiff fails to allege *facts* to support that Maricopa County maintained a policy or

3  custom that resulted in the violation of Plaintiff's federal constitutional rights. He also fails

4  to allege facts to support that any constitutional injury was the result of a municipal policy

5  or custom. Accordingly, Plaintiff also fails to state a claim against Maricopa County and it,

6  and allegations against it, will be dismissed.

7  **F.    Count I**

8  In Count I, Plaintiff claims that his Fifth Amendment Due Process rights were violated

9  by the March 22, 2011 re-filing of the previously dismissed charges. He contends that he

10  was denied "proper notification." (Doc. 5 at 3.) He further contends that various Defendants

11  had a custom or practice of dismissing charges and re-filing them, despite the lack of

12  probable cause, by obtaining grand jury indictments to avoid preliminary hearings.

13  Under the Fourth Amendment, there must be a "reasonably prompt" judicial

14  determination of probable cause following a warrantless arrest "as a prerequisite to extended

15  restraint on liberty following arrest." Gerstein v. Pugh, 420 U.S. 103, 114 (1975). A

16  probable cause determination pursuant to Gerstein must be made by a neutral magistrate, but

17  an adversary hearing is not required. Id. However, the Constitution does not require a

18  preliminary hearing if an indictment has been returned by the grand jury. Id. at 119 ("[W]e

19  do not imply that the accused is entitled to judicial oversight or review of the decision to

20  prosecute. Instead, we adhere to the Court's prior holding that a judicial hearing is not

21  prerequisite to prosecution by information.' Lem Woon v. Oregon[, 229 U.S. 586, 589-90

22  (1913)]."

23  Plaintiff implies, and records available on-line reflect, that Plaintiff was indicted by

24  a grand jury. That is constitutionally sufficient to establish probable cause.[16] Neither

25

---

26      [16] As explained by the Arizona Court of Appeals, "The purpose of a preliminary
hearing is to determine whether the prosecution's case establishes probable cause" for a
27  *prosecution*. Segura v. Cunanan, 219 P.3d 228, 234 (Ariz. App. 2008). Alternatively, the
28  prosecution may establish probable cause for a *prosecution* by obtaining a grand jury
indictment. Id.

dismissal without prejudice and refiling of charges, nor seeking an indictment, rather than holding a preliminary hearing, violate the Constitution. To the extent that Plaintiff believes that he was denied constitutionally adequate notice, he fails to set forth facts to support that allegation. Moreover, that is a matter to be presented to the state court in the first instance.

Further, the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. The Younger abstention doctrine also bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986). The Younger abstention doctrine also applies while a case works its way through the state appellate process, if a prisoner is convicted. New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989). Thus, even if Plaintiff adequately alleged a constitutional violation, the abstention doctrine applies while his criminal proceedings are pending. See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1224 (9th Cir. 2006); Smith v. Central Ariz. Water Conservation Dist., 418 F.3d 1028, 1030 (9th Cir. 2005). For all of these reasons, Count I will be dismissed for failure to state a claim.

### G.    Count II

In Count II, Plaintiff alleges a violation of his Fourth Amendment rights based on the following facts: on May 13, 2011, Plaintiff went to a Phoenix Police Records Center to reclaim a bicycle that had been stolen from him. After taking Plaintiff's information, Officer Ramirez directed Plaintiff into an enclosed area to sign papers. Once there, however, Plaintiff was arrested by Defendants Doe 4 and 5 on an outstanding warrant. Plaintiff was handcuffed and he and his backpack were searched. Plaintiff contends that the warrants were invalid, that he had not received notice of the warrants, and that the search incident to arrest violated his Fourth Amendment rights.

As an initial matter, Plaintiff fails to allege any basis to support that the warrant was invalid. Plaintiff also fails to state a claim for violation of his Fourth Amendment rights. "While the Fourth Amendment generally prohibits searches without a warrant, the warrant

requirement is subject to some well-established exceptions." <u>United States v. Smith</u>, 389 F.3d 944, 950-51 (9th Cir. 2004) (citing <u>Flippo v. West Virginia</u>, 528 U.S. 11, 13 (1999); <u>Morgan v. United States</u>, 323 F.3d 776, 781 (9th Cir. 2003)). These include a search incident to arrest. <u>Id.</u> "The search-incident-to-arrest exception permits law enforcement officers to conduct a warrantless search of a person who is arrested, and of his surrounding area, when the search is incident to the arrest." <u>Id.</u> (citing <u>Chimel v. California</u>, 395 U.S. 752, 762-63 (1969)). Plaintiff's allegations reflect that he was searched incident to an arrest, which absent more does not state a Fourth Amendment claim. Because Plaintiff fails to state a constitutional claim in Count II, it will be dismissed.

### H.    Count III

In Count III, Plaintiff alleges that he was denied reasonable bond in violation of his Eighth Amendment rights based on the following facts: after his arrest, Plaintiff was taken to the Fourth Avenue Jail pursuant to an invalid arrest warrant and five $1,800 bonds were set. Plaintiff objected to his arrest and the bond amount before Commissioner Hamner. Hamner consolidated the five bonds "created by MCSO Officer A8924" into three bonds.

Plaintiff appears to be attempting to assert an Eighth Amendment Excessive Bail claim. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The "Excessive Bail Clause prevents the imposition of bail conditions that are excessive in light of the valid interests the state seeks to protect by offering bail." <u>Galen v. County of Los Angeles</u>, 477 F.3d 652, 660 (9th Cir. 2007). To state a claim for excessive bail, a plaintiff must allege facts to support that bail is excessive for the purpose of achieving a state's valid interests. <u>Id.</u> Arizona law provides that the purpose of bail and any conditions of release set by a judicial officer include (1) assuring the appearance of the accused; (2) protecting against the intimidation of witnesses; and (3) protecting the safety of the victim, any other person, or the community. Ariz. Rev. St. § 13-3961(B).

As explained above, Defendant Hamner is entitled to absolute judicial immunity. Even if that were not the case, however, Plaintiff fails to allege facts to support that the bail

set was excessive in light of the valid purposes for which it was set.  Id. at 661; accord Harvey v. City of South Lake Tahoe, No. CIV S-10-1653, 2011 WL 3501687, at *4 (E. D. Cal. Aug. 9, 2011).  Indeed, it appears that bail was set both to ensure that Plaintiff appeared and to protect Plaintiff and the community.  Accordingly, Plaintiff fails to state a claim for violation of the Excessive Bail Clause and Count III will be dismissed.

## I.     Count IV

Plaintiff designates Count IV as a claim for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-34, and Equal Protection.  He contends that on May 19, 2011, Defendants Rees and Doe 6 discriminated against him based upon a mental disability.  He further alleges that Defendants Holding, Warzynski, Bereskey, and Doe 7 dismissed cases CR2008-007665, CR2008-007673, and CR2009-007748 without jurisdiction based on his mental illness and sentenced him to "involuntary servitude" in Desert Vista Hospital.  (Doc. 5 at 6.)

The ADA is applicable in the jail context.  Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998).  Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  A "public entity" is "any State or local government; [or] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government . . . ."  42 U.S.C. § 12131. Individuals, however, may *only* be sued under the ADA in their official, rather than, their individual capacities.  Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (plaintiff cannot sue state officials in their individual capacities to vindicate rights created by Title II of the ADA).  To state an ADA claim, a plaintiff must allege facts to support that he: "(1) is a handicapped person; (2) that he is otherwise qualified; and that [officials'] actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap." Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1996).

Assuming that Plaintiff adequately alleges that he is a handicapped person who is otherwise qualified, he fails to allege facts to support that any Defendant excluded his participation in, or denied him the benefits of, any service, program, or activity, or otherwise discriminated against him based on such handicap. While Plaintiff was civilly committed to Desert Vista due to his mental illness and because he posed a danger to himself and others, his commitment was not a criminal penalty. Such commitment, absent more, does not violate Plaintiff's constitutional rights. Further, as described herein and as is obvious from a review of the state court records available on-line, Plaintiff has been afforded ample opportunities to contest various competency proceedings. Plaintiff does not allege facts to support that the state court lacked jurisdiction over him or that dismissal of the criminal charges in his 2008 and 2009 cases in any way violated his federal constitutional or statutory rights. Accordingly, Count IV will be dismissed for failure to state a claim.

**J.    Count V**

Plaintiff labels Count V as a claim for conspiracy to violate his constitutional right of access to the courts in connection with a hearing held on May 19, 2011 in his 2011 cases and Equal Protection. Plaintiff contends that Commissioner Rees, Doe 13, and Doe 6 addressed his mental health at the hearing, although the hearing had been set for an initial appearance and arraignment in the 2011 cases. Plaintiff contends that he was not afforded notice that his mental health would be an issue and that he has not received discovery, minute entries, or orders from the hearing.

The right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). That right, however, only encompasses the ability to bring petitions or complaints to federal court and not to discover or even effectively litigate such claims once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") The right "guarantees no particular methodology but rather, the conferral of a capability – the

capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. Further, the denial of access to a paralegal or use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action. Id. at 351-53. That is, an inmate must establish that he suffered an "actual injury." See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Lewis, 518 U.S. at 348. In other words, a plaintiff must allege facts to support that a defendant's conduct prevented him from bringing to court a non-frivolous claim that he wished to present. Id. at 351-53.

Plaintiff asserts a denial of access to the courts in connection with his criminal proceedings. However, the appointment of counsel satisfies the obligation of access to the courts. See United States v. Wilson, 690 F.2d 1267, 1271-72 (9th Cir. 1982) ("The offer of court-appointed counsel to represent [a defendant] satisfied the Fifth Amendment obligation to provide meaningful access to the courts."). Plaintiff was and is represented by criminal defense counsel in his criminal proceedings. Accordingly, Plaintiff fails to state a claim for denial of access to the court in Count V.

Plaintiff also asserts racial discrimination against him because he is Hispanic in violation of his Equal Protection rights. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; see City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). A state practice that interferes with a fundamental right or that discriminates against a suspect class of individuals is subject to strict scrutiny. Massachusetts Bd. of Ret. v. Murgia, 427 U.S. 307, 312 (1976); see City of Cleburne, 473 U.S. at 441. Absent allegations that he is a member of a suspect class, or that a fundamental right has been violated, a plaintiff must allege facts to support that he has been intentionally treated differently from others who are similarly situated without a reasonable basis therefor. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Conclusory

allegations do not suffice.  See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

Plaintiff fails to allege any facts against any Defendant to support that he has been treated differently than any other defendant based on his race.  Accordingly, Plaintiff fails to state a claim on this basis in Count V.

### K.    Count VI

Plaintiff designates Count VI as a claim for violation of his right to petition for redress of grievances.  He alleges the following: his arrest on May 13, 2011 was illegal.  On May 17, 2011, Plaintiff submitted a request to Defendant B0661 asking that his family be permitted to provide him with his boxes of motions, case law, and exhausted grievances from his 2008-2010 confinement.  Defendant Sergeant A8090 denied the request on May 19, 2011 because Plaintiff was represented in his criminal case and was not proceeding pro per.  On June 13, 2011, Plaintiff filed another request to receive the boxes from his family.  Defendant B0846 responded that Inmate Legal Services did not provide the services requested.  On June 19, 2011, Plaintiff filed a grievance.  On June 22, 2011, Defendant Doe 8 responded and on June 28, 2011, Defendant Bureau Hearing Officer A4191 denied the request.  On July 5, 2011, Defendant Byrnes denied Plaintiff's grievance appeal and Plaintiff appealed to the external grievance referee.  On July 23, 2011, Defendant External Grievance Referee Garitson denied Plaintiff's grievance appeal.  Plaintiff contends that he was thereby denied access to the court.

As discussed above, representation by counsel affords Plaintiff with constitutionally adequate access to the court in connection with his criminal case.  Otherwise, Plaintiff does not allege facts to support that he has been denied the ability to bring petitions or complaints in court and he is not constitutionally entitled to access to records held by family members.

Plaintiff also fails to state a claim to the extent that this claim is predicated on the denial of Plaintiff's grievances or grievance appeals.  Where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not

amount to active unconstitutional behavior for purposes of § 1983. <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999); <u>accord</u> <u>Mintun v. Blades</u>, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); <u>Stocker v. Warden</u>, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009). For the reasons discussed, Count VI will be dismissed for failure to state a claim.

### L.    Counts VII and VIII

Plaintiff asserts a claim for threat to his safety and retaliation in Counts VII and VIII based on the same allegations. Plaintiff fails to state a claim on either basis.

To state a claim under § 1983 for failure to protect or threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that jail officials were "deliberately indifferent" to those risks. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33 (1994). To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. <u>Id.</u> at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." <u>Id.</u>

To state a constitutional claim for retaliation, a plaintiff must allege that a defendant acting under color of state law took adverse action against him because he engaged in constitutionally-protected conduct, the adverse action was not narrowly tailored to advance legitimate goals, and the adverse action chilled the plaintiff's exercise of his First Amendment rights or caused him to suffer more than minimal harm. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-58 (9th Cir. 2005); <u>see also Hines v. Gomez</u>, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest").

Plaintiff makes various assertions in support of Counts VII and VIII. However, his allegations are difficult to follow and appear to concern random incidents occurring between 2009 and the present. Plaintiff fails to allege facts to support that any Defendant knew or had

reason to know of a substantial risk to Plaintiff's safety. That is, he fails to allege facts to support that he was incarcerated under conditions posing a substantial risk of harm to him. Plaintiff also fails to allege facts to support that any Defendant retaliated against him for engaging in constitutionally-protected conduct. Finally, to the extent that Plaintiff complains of responses to grievances and grievance appeals, he fails to state a claim. See Shehee, 199 F.3d at 300; accord Mintun, 2008 WL 711636, at *7; Stocker, 2009 WL 981323, at *10. For all of these reasons, Plaintiff fails to state a claim in Counts VII and VIII.

## M. Count IX

In Count IX, Plaintiff asserts that he was denied access to the courts while he was confined at the Desert Vista Hospital. He contends that "Defendant" failed to provide him access to a law library or a grievance system to access the courts for redress of grievances. (Doc. 5 at 11.) Plaintiff fails to link any specific Defendant to these allegations. Further, as discussed above, Plaintiff does not have a constitutional right to a law library. Plaintiff also does not have a constitutional right to a grievance system. "There is no legitimate claim of entitlement to a grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Finally, Plaintiff fails to allege an actual injury. See Lewis, 518 U.S. at 348. For all of these reasons, Plaintiff fails to state a claim in Count IX and it will be dismissed.

## N. Counts X

Plaintiff designates Count X as a claim for violation of Equal Protection rights for alleged discrimination against him based on his race and ethnicity – Hispanic, Native American, and German – by failing to "provide equal service due to a mental disability." Specifically, he asserts that Defendants Rees, Holding, Warzynski, Davis, Doe 6, and Beresky conspired or engaged in discrimination against him at hearings on May 13, May 19, July 7, August 11, and September 15, 2011 by forcing Plaintiff to comply with court orders he never received. He also asserts that Maricopa County, Arpaio, and Montgomery knew of a practice to so discriminate.

As explained above, Defendants Rees, Holding, Warzynski, Davis, Doe 6, Beresky, Montgomery, and Arpaio are all being dismissed for the reasons stated. Even if that were

not the case, however, Plaintiff only makes conclusory allegations of discrimination by them based on his race, ethnicity, or mental illness. He fails to allege specific facts to support either the existence of a policy or practice of discrimination or facts to support that any Defendant has discriminated against him based on his race, ethnicity, or mental illness. Count X will be dismissed for failure to state a federal claim against any Defendant.

**VI.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of any prior complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes every prior complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat any prior complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in a previous complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**V.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible "Strike"**

Because the Complaint and the First Amended Complaint have been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint is **dismissed** for failure to state a claim.  (Doc. 5.)  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint

in compliance with this Order.

(2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(4)     To the extent that Plaintiff seeks any relief in his Notice fo Additional Address, doc. 8, such relief is **denied**.

DATED this 22nd day of November, 2011.

James A. Teilborg
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
>
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2). **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1. <u>Your Name</u>. Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>. If there are **four or fewer** defendants, print the name of each. If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants. Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>. If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER." Failure to do so may result in the loss of the right to a jury trial. A jury trial is not available if you are seeking only injunctive relief.

**Part A. JURISDICTION:**

    1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other." If you mark "other," identify the source of that authority.

    2. <u>Location</u>. Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>. Print all of the requested information about each of the defendants in the spaces provided. If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom. Insert the additional page(s) immediately behind page 2.

**Part B. PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner. Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page. Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C. CAUSE OF ACTION:**

    You must identify what rights each defendant violated. The form provides space to allege three separate counts (**one violation per count**). If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

1.  Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. Injury.  State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies.  You must exhaust any available administrative remedies before you file a civil rights complaint.  See 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

---

Name and Prisoner/Booking Number

---

Place of Confinement

---

Mailing Address

---

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)            Plaintiff,

vs.                                          CASE NO. _____
                                                    (To be supplied by the Clerk)

(1)_____ ,
(Full Name of Defendant)

(2)_____ ,

(3)_____ ,                   **CIVIL RIGHTS COMPLAINT**
                                                     **BY A PRISONER**

(4)_____ ,        ☐ Original Complaint
                Defendant(s).              ☐ First Amended Complaint
  ☐ Check if there are additional Defendants and attach page 1-A listing them.   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
       ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
       ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
       ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B. DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as:
   _____at_____.
   <span style="text-align:center">(Position and Title)</span>                                   (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
   (Position and Title)                                   (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
   (Position and Title)                                   (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
   (Position and Title)                                   (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count I**. Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                       ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count I?               ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?      ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   - ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   - ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count II?                        ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?               ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer          ☐ Threat to safety          ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?          ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E. REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                          DATE                                        SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.